* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commission and the briefs before the Full Commission. The appealing party has shown good ground to reconsider the evidence. Accordingly, the Full Commission herein modifies the Decision and Order of the Deputy Commissioner.
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 32 years of age, incarcerated by the State of North Carolina and was serving a term of fifty years for second-degree murder (the principal offense).
2. On and about June 22, 2002, plaintiff was housed at Morrison Correctional Institute.
3. On June 22, 2002, Sergeant Cooper escorted plaintiff into a restroom where plaintiff was instructed to urinate in a cup for the purpose of being tested for drugs. After complying, the cup was labeled and the urine was tested for the presence of drugs. The test result was negative with dilution, however, plaintiff was charged with an A-12 offense, using an unauthorized controlled substance.
4. This charge was reinvestigated and plaintiff was then charged with an A-13, refusing to submit to a drug test and possible dilution or alteration of drug test. At the hearing before the Deputy Commissioner, Sergeant Mark Covington, a correctional officer employed with defendant for over eight years, testified. He stated that plaintiff was found guilty of the A-13 offense because of the possible diluted nature of the sample.
5. On July 10, 2002, plaintiff was re-tested twice for drugs. The first test result was positive for marijuana, and plaintiff was charged with an A-12 offense, using an unauthorized controlled substance. The second test result on the same day, however, was negative.
6. Plaintiff was found guilty of the July 10, 2002, A-12 charge and received a sentence of 60 days in segregation.
7. On July 23, 2002, plaintiff was also found guilty of the A-13 charge and received a sentence of 60 days in segregation.
8. On July 29, 2002, defendant's policy for charging possible drug test dilutions on an A-13 offense changed, such that officers were to immediately cease charging inmates with A-13 offenses for possible dilutions, but should instead re-test inmates. As a result of the change in policy, plaintiff's A-13 charge was dismissed; however, plaintiff did not receive a reinstatement of the 60 days that he had served for the A-13 charge.
9. Plaintiff argues that the July 10, 2002, positive marijuana test was the result of his environment, the testing was not properly conducted by Fayetteville Labs, Department of Correction Secretary Theodis Beck and Division of Prisons Director Boyd Bennett were responsible for the Fayetteville Labs employees and correctional officers that handled the testing, and that the negligent handling of his urine sample and test resulted in plaintiff being placed in segregation causing him emotional distress. Plaintiff also argues he was penalized ten dollars for each write-up, resulting in a total fine of twenty dollars ($20.00) for the June 22, 2002, and July 10, 2002, write-ups.
10. Plaintiff has failed to present any evidence that Fayetteville Labs is "an officer, employee, involuntary servant or agent of the State of North Carolina." Therefore, any allegation of improper testing as against Fayetteville Labs is insufficient to sustain a claim of negligence pursuant to the North Carolina Torts' Act.
11. Plaintiff has failed to prove by the greater weight of the evidence that any officer, employee, involuntary servant or agent of the North Carolina Department of Correction was negligent in the process of urinalysis for drug testing or was negligent in such a way that caused him emotional distress or was negligent in any other manner.
 * * * * * * * * * * * CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291, et seq. requires that the plaintiff demonstrate negligence of an officer, employee, involuntary servant or agent of the State of North Carolina by the greater weight of the evidence.
2. Plaintiff has failed to prove by the greater weight of the evidence that any officer, employee, involuntary servant or agent of the North Carolina Department of Correction was negligent in causing him emotional distress, or was negligent in any other manner.
3. Plaintiff is not entitled to any recovery from the defendant.
 * * * * * * * * * * *
Based upon the forgoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff shall have and recover nothing from the defendant in this civil action for emotional distress, and plaintiff's claim for the same is DISMISSED WITH PREJUDICE.
2. Defendant shall bear the costs, and no costs are taxed against the plaintiff.
This the __ day of November 2006.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER